| STATE OF NORTH CAROLINA | File No. 21-CVS-5645 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| TERRY GREEN |
| Address |
| THE MICHAEL PORTER LAW FIRM, 5851 RAMSEY STREET |
| City, State, Zip |
| FAYETTEVILLE, NC 28311 |

**VERSUS**

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| GLOCK INC., GLOCK Ges. m.b.H., GANDER MOUNTAIN COMPANY, GANDER MOUNTAIN INC. d/b/a GANDER OUTDOORS | 09/10/2021 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| GLOCK, INC.<br>6000 HIGHLANDS PARKWAY SE<br>SMYRNA  GA  30082 | GLOCK Ges. m.b.H<br>GASTON-GLOCK-PARK 1<br>9170 FERLACK<br>AUSTRIA |

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| MICHAEL R. PORTER, ESQ.<br>THE MICHAEL PORTER LAW FIRM<br>5851 RAMSEY STREET<br>FAYETTEVILLE, NC 28311 | 12/06/21 | 11:37 ☒ AM ☐ PM |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF CUMBERLAND | FILE NO.: 21-CVS-5645 |

| | |
|---|---|
| TERRY DENNY GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| GLOCK, INC, GLOCK GES. M.B.H, ) | |
| GANDER MOUNTAIN COMPANY, and ) | |
| GANDER MOUNTAIN, INC. ) | |
| ) | |
| Defendants. ) | |



Plaintiff, TERRY DENNY GREENE, complaining of the acts of Defendants, GLOCK, INC, GLOCK GES. M.B.H., GANDER MOUNTAIN COMPANY, and GANDER MOUNTAIN, INC., alleges and states that:

1. Plaintiff is a citizen and resident of Cumberland County, North Carolina. Plaintiff is a "claimant" as that term is defined in N.C.G.S. § 99B-1.

2. Plaintiff is informed and believes and therefore alleges that Defendant Glock, Inc is a corporation organized and existing under and by virtue of the laws of the State of Georgia, with its principal place of business in Smyrna, Georgia.

3. Plaintiff is informed and believes and therefore alleges that Defendant Glock Ges.m.b.h. is a corporation organized and existing under and by virtue of the laws of Austria, with its principal place of business in Ferlach, Austria.

4. Defendant Glock, Inc. and Defendant Glock Ges.m.b.h. (hereinafter collectively "Defendant Glock") is a "manufacturer" as that term is defined in N.C.G.S. § 99B-1.

5. Plaintiff is informed and believes and therefore alleges that Defendant Gander Mountain, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Minneapolis, Minnesota.

6. Plaintiff is informed and believes and therefore alleges that Defendant Gander Mountain Company is a corporation organized and existing under and by virtue of the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.

7. Defendant Gander Mountain Company and Defendant Gander Mountain, Inc. will collectively hereinafter be referred to as Defendant Gander Mountain.

8. Plaintiff is informed and believes and therefore alleges that Defendants Glock and Gander Mountain are "sellers" as that term is defined in N.C.G.S. § 99B-1.

# First Claim for Relief: Negligence of Defendant Glock

9. On or about January 10, 2013 Plaintiff purchased from Defendant Gander Mountain a Glock 9mm pistol, which was manufactured by Defendant Glock.

10. On or about September 13, 2018, said Glock 9mm pistol was secured upon Plaintiff's body properly, but was otherwise not being held or touched in any manner.

11. Said pistol did discharge without being touched and specifically without the trigger being pulled by the Plaintiff which resulted in Plaintiff suffering a severe, painful and permanent injury to, inter alia, his groin and genitals.

12. Said discharge of said pistol was the result of a design defect or defect in manufacturing because pistols properly designed and manufactured do not discharge without the trigger being pulled.

13. Moreover, upon information and belief, Defendant Glock has been well aware of the flaw in its products, to include said pistol, for a number of years prior to this incident, but failed to take measures to correct said defect, or to recall the defective pistols to include said pistol.

14. Defendant Glock was negligent in that:

    a. Defendant Glock negligently produced, designed, manufactured, advertised, distributed, and otherwise introduced into the stream of commerce said pistol which was unsuitable for the ordinary uses for which it was intended;

    b. Defendant Glock negligently manufactured, designed, produced, advertised, distributed, sold, and otherwise introduced into the stream of commerce said pistol which by its defective and negligent construction was unreasonably dangerous under ordinary uses;

    c. Defendant Glock negligently designed the said pistol, in that Defendant unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted, and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the said pistol;

d. Defendant Glock negligently designed the said pistol, in that, at the time the said pistol left Defendant Glock's control, the design of the said pistol was so unreasonable that a reasonable person, aware of the relevant facts, would not have used and said pistol of such design;

e. Defendant Glock negligently inspected the said pistol so that it permitted to be introduced into the stream of commerce and said pistol which was unreasonably dangerous under ordinary use;

f. Defendant Glock failed to exercise due care in the manufacture, design, and supply of the said pistol in that it was reasonably foreseeable that the product would create a risk to human life;

g. Defendant Glock negligently advertised said pistols the same or similar to the said pistol which is the subject of this lawsuit as being safe under ordinary use; and

h. Defendant Glock negligently failed to recall said pistols the same or similar to the said pistol which is the subject of this lawsuit when due care and concern for human life imposed a duty upon Defendant Glock to recall such said pistols.

15. As set forth above, the actual design of said pistol was defective, causing it not to function in a manner reasonably expected by an ordinary consumer of firearms to include the Plaintiff.

16. As a direct and proximate result of the negligence and, inter alia, the defective design of Defendant Glock in regards to said pistol, the Plaintiff suffered painful injuries Plaintiff is entitled to recover damages in an amount in excess of $25,000.

## SECOND CLAIM FOR RELIEF: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT GLOCK

17. The allegations set forth in paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth.

18. Defendant Glock impliedly warranted and represented that the said pistol was of merchantable quality and was reasonably fit for the purposes for which the said pistol was intended.

19. The Plaintiff reasonably relied upon Defendant Glock's implied warranty of merchantability.

20. The said pistol was not of merchantable quality, but instead was defective.

21. This defective condition constituted a breach of the implied warranty of merchantability. Defendant Glock also breached its implied warranty by its failure to provide proper and adequate warnings.

22. As a direct and proximate result of the breach of the implied warranty of merchantability, the Plaintiff suffered painful injuries and Plaintiff is entitled to recover damages in an amount in excess of $25,000.00.

# THIRD CLAIM FOR RELIEF: BREACH OF EXPRESS WARRANTY BY DEFENDANT GLOCK

23. The allegations set forth in paragraphs 1 through 22 are realleged and incorporated by reference as if fully set forth.

24. Defendant Glock made certain express warranties to the Plaintiff concerning the safety of the previously described said pistol as set forth in the owner's manual that came with said pistol to include, inter alia, that the pistol was safe for use and would only discharge when the trigger was pulled.

25. The Plaintiff relied on these representations, and such reliance was reasonable.

26. The said pistol, in fact, was defective.

27. These defects breached the express warranties which Defendant Glock made to the Plaintiff.

28. As a direct and proximate result of such breach of express warranties, the Plaintiff suffered painful injuries and Plaintiff is entitled to recover damages in an amount in excess of $25,000.

# FOURTH CLAIM FOR RELIEF: NEGLIGENCE BY DEFENDANT GANDER MOUNTAIN

29. The allegations set forth in paragraphs 1 through 28 are realleged and incorporated by reference as if fully set forth.

30. On or about January 10, 2013, Defendant Gander Mountain sold the said pistol to the Plaintiff.

31. Defendant Gander Mountain was negligent in that:

   a. Defendant Gander Mountain negligently advertised, marketed, sold and otherwise introduced into the stream of commerce said pistol which was unsuitable for the ordinary uses for which it was intended;

   b. Defendant Gander Mountain negligently advertised, marketed, distributed, sold and otherwise introduced into the stream of commerce said pistol which by its defective and negligent construction was unreasonably dangerous under ordinary use;

   c. Defendant Gander Mountain negligently inspected the said pistol so that it permitted to be introduced into the stream of commerce said pistol which was unreasonably dangerous under ordinary use;

   d. Defendant Gander Mountain failed to exercise due care in the advertisement, marketing, distribution and sale of the said pistol in that it was reasonably foreseeable that the product would create a risk to human life;

   e. Defendant Gander Mountain negligently advertised said pistols the same or similar to the said pistol which is the subject of this lawsuit as being safe under ordinary use; and

   f. Defendant Gander Mountain negligently failed to recall said pistols the same or similar to the said pistol which is the subject of this lawsuit when due care and concern for human life imposed a duty upon Defendant Gander Mountain to recall such said pistols.

32. As a direct and proximate result of the negligence of Defendant Gander Mountain, the Plaintiff suffered painful injuries and Plaintiff is entitled to recover damages in an amount in excess of $25,000.

## FIFTH CLAIM FOR RELIEF: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT GANDER MOUNTAIN

33. The allegations set forth in paragraphs 1 through 32 are realleged and incorporated by reference as if fully set forth.

34. Defendant Gander Mountain impliedly warranted and represented that the previously described said pistol was of merchantable quality and was reasonably fit for the purposes for which the said pistol was intended.

35. The Plaintiff reasonably relied upon Defendant Gander Mountain's implied warranty of merchantability.

36. The previously described said pistol was not of merchantable quality, but instead was defective.

37. This defective condition constituted a breach of the implied warranty of merchantability. Defendant Gander Mountain also breached its implied warranty by its failure to provide proper and adequate warnings.

38. As a direct and proximate result of the breach of the implied warranty of merchantability with the previously described said pistol, the Plaintiff suffered painful injuries and Plaintiff is entitled to recover damages in an amount in excess of $25,000.

## SIXTH CLAIM FOR RELIEF: BREACH OF EXPRESS WARRANTY BY DEFENDANT GANDER MOUNTAIN

39. The allegations set forth in paragraphs 1 through 38 are realleged and incorporated by reference as if fully set forth.

40. Defendant Gander Mountain made certain express warranties to the Plaintiff concerning the safety of the said pistol to include, inter alia, that the pistol was safe for use and would only discharge when the trigger was pulled.

41. The Plaintiff relied on these representations, and such reliance was reasonable.

42. The said pistol, in fact, was defective.

43. These defects breached the express warranties which Defendant Gander Mountain made to the Plaintiff.

44. As a direct and proximate result of such breach of express warranties, the Plaintiff suffered painful injuries and Plaintiff is entitled to recover damages in an amount in excess of $25,000.

WHEREFORE, Plaintiff prays the Court that:

1. He recover judgment against Defendants, jointly and severally, in an amount in excess of $25,000;

2. He recover the costs and expenses of this action from Defendants;

3. He recover any further relief that the Court deems appropriate; and

4. A jury trial is respectfully demand on all matters.

This the 9th day of September, 2021.

Michael R. Porter, Esq.
N.C. State Bar No.: 37000
The Michael Porter Law Firm
Attorney for Plaintiff
5851 Ramsey Street
Fayetteville, NC 28311
Telephone: (910) 339-3131
Facsimile: (910) 339-3132
michael@michaelporterlaw.com